Turney, J.,
delivered the opinion of the court.
By article 11, sec. 11, of the constitution, “A homestead in the possession of each head of a family, and the improvements thereon; to the value in all of one thousand dollars, shall he exempt from sale under legal process during the life,” etc.
“Nor shall said property he alienated without the joint consent of husband and wife, when that relation exists,” etc.
The Act of 1870, ch. 80, sec. 1, after defining homestead and its objects, provides “that said real estate shall not be alienated without the joint consent of husband and wife, when that relation exists, to be evidenced by conveyance duly executed as required by law for married women,” etc. [Code, sec. 3798.]
The case before-us falls directly within the constitutional and statutory inhibitions. The husband attempts, without the consent of the wife, evidenced as required, to alienate the homestead. It cannot make a difference that the sale was for full value in money, or other real estate, or other tilings; here was a homestead in “the possession of the head of a family,” the relation of husband and wife existed, the wife has not consented, by conveyance duly executed as required by law for married women, so then the attempted alienation must fail. This rule obtains as to the right of homestead only. The fee remains qualified by the right of ■occupancy, which cannot be disturbed, while the relation .supporting the right of homestead exists.
The purpose of the law.is to protect married women .and minor children from the improvidence of unfortunate *434 or dissipated husbands and fathers. The facts of this case illustrate its -wisdom.
Complainant has failed to make a case for the declaration of a resulting trust in the purchase of the lot.
Reverse the decree with costs.